KALAH A. PAISLEY
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 3447
Great Falls, MT  59403
119 First Ave. North, Suite 300
Great Falls, MT  59403
Phone:  (406) 761-7715
FAX:  (406) 453-9973
E-mail:  kalah.paisley@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JASON AVERY MATTSON,<br><br>Defendant | CR 20-55-GF-BMM<br><br>OFFER OF PROOF |

## THE CHARGE

The defendant, Jason Avery Mattson, is charged by indictment with Second Degree Murder in violation of 18 U.S.C. §§ 1153(a) and 1111, and Kidnapping in violation of 18 U.S.C. §§ 1153(a) and 1201(a)(2).

1

## PLEA

Mattson will plead guilty to the indictment. In exchange, the United States agrees to recommend a two-point reduction for acceptance of responsibility and another point reduction for timely plea. In addition, should the Court impose separate sentences for each count, the United States will agree to recommend that the sentences run concurrently. The United States presented all formal plea offers to the defendant in writing. The plea agreement entered by the parties and filed with the Court represents, in the government's view, the most favorable disposition of the case against the defendant. *See Missouri v. Frye*, 566 U.S. 134 (2012).

## ELEMENTS

For Mattson to be found guilty of second-degree murder as charged in count I and Kidnapping, as charged in count II of the indictment, the United States must prove each of the following elements beyond a reasonable doubt:

**Second-Degree Murder – Count I**

**First**, the defendant unlawfully killed John Doe;

**Second,** the defendant killed John Doe with malice aforethought;

**Third,** the defendant is an Indian Person; and

**Fourth**, the offense was committed within the exterior boundaries of the Blackfeet Indian Reservation.

**Kidnapping – Count II**

**First**, the defendant confined Jane Doe within the exterior boundaries of the Blackfeet Indian Reservation;

**Second,** the defendant held Jane Doe against her will; and

**Third,** the defendant is an Indian Person.

## PENALTY

Each offense carries a penalty of up to life imprisonment, a $250,000 fine, five years of supervised release, and a $100 special assessment.

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

On March 3, 2020, law enforcement was called to a moderately remote corner of the Blackfeet Indian Reservation after the discovery of a body. The body was partially obscured by plywood that had been placed on top and showed obvious signs of homicide. The body was identified as John Doe and family was notified of his death. An autopsy confirmed the manner of death as homicide and opined that Doe sustained blunt force injury to his back and extremities and that there was evidence on the neck consistent with strangulation or blunt force injury. The FBI and BIA began investigation the murder.

During the investigation, law enforcement identified a witness that had seen John Doe on February 28, 2020. He had approached the witness and asked for a ride. He was acting spooky, but Doe told the witness that he wouldn't let anything happen to them. Doe asked to be taken to several locations and finally asked to be dropped

3

off at Mattson's trailer. Doe showed the witness a baggie with a large amount of meth in it. The witness described Doe as seeming scared. When he was dropped off at the Mattson trailer, Doe walked in without knocking.

Several days after Doe's body was found, agents interviewed Mattson's dad at his trailer. Unbeknownst to law enforcement, Mattson had been staying at the trailer. Mattson had been on absconder status with United States Probation at the time. The night after agents were at the trailer, Mattson set the trailer on fire. The room where Mattson had been staying was completely destroyed.

On March 10th, Mattson called Blackfeet Law Enforcement Services (BLES) Dispatch. In recorded calls, he told the dispatcher that he wanted to make a confession - that he had killed Doe. When asked for clarification, he provided Doe's full name, and said that he had killed him. When asked his name, the caller identified himself as Jason Mattson. He told dispatch that he had a knife and a gun.

While officers were responding to the residence, Mattson called again and informed dispatch that he had taken a hostage. He was holed up in the bedroom of a family member's home and was holding a hostage at knifepoint. When asked who he was holding hostage, he identified Jane Doe by name. When asked why he was holding her hostage Mattson said it was because he killed John Doe. When asked what was going through his mind, he said that he was going to kill Jane Doe. At one point, Mattson said that he liked to kill. The dispatcher could hear the hostage crying and begging to be let go.

Mattson held Jane Doe hostage by knifepoint for approximately four hours before she was able to escape. Shortly after she escaped, Mattson was taken into custody.

Mattson is an enrolled member of the Blackfeet Indian Tribe and the offenses occurred within the exterior boundaries of the Blackfeet Indian Reservation.

The United States would have presented this evidence through the testimony of law enforcement, expert, and lay witnesses.

DATED this 24th day of March, 2021.

LEIF M. JOHNSON
Acting United States Attorney


/s/ Kalah A. Paisley
KALAH A. PAISLEY
Assistant U.S. Attorney